# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TUNNELL REDMOND,<br>　　　　　　Petitioner,<br><br>　　vs.<br><br>PENNSYLVANIA BOARD OF<br>PROBATION AND PAROLE; THE<br>ATTORNEY GENERAL OF THE STATE<br>OF PENNSYLVANIA,<br>　　　　　　Respondents. | Civil Action No. 13-1135<br>Chief Magistrate Judge Maureen P. Kelly |

## MEMORANDUM ORDER

Tunnell Redmond ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. §2254 (the "Petition"). By means of the Petition, he sought merely to challenge the fact that the Pennsylvania Board of Probation and Parole denied him release on parole.

The Court has learned that Petitioner was paroled in April, 2014. In light of this fact, the Court ordered Petitioner to show cause why the Petition did not become moot. ECF No. 12. Lowe v. Duckworth, 663 F.2d 42, 43 (7th Cir. 1981)("When all the relief sought has been obtained, there no longer exists a live controversy, and the case must be dismissed as moot."). Accord Lowary v. Lexington Local Bd. of Educ., 854 F.2d 131, 133 (6th Cir. 1988)("If a party has already obtained all the relief sought on appeal, the case is moot and must be dismissed.") (citing DeFunis v. Odegaard, 416 U.S. 312, 316-17 (1974)); Althridge v. Quiggs, 852 F.2d 621, 624 (D.C. Cir. 1988)("It seems clear that Athridge has obtained all the relief he is entitled to demand, and accordingly that his case is now moot."). See also Lane v. Williams, 455 U.S. 624, 631 (1982) ("Since respondents elected only to attack their sentences, and since those sentences expired during the course of these proceedings, this case is moot."). Petitioner was required to

file a response to this Order to Show Cause no later than January 30, 2015 and was warned that failure to file a response by that date will result in the Petition being dismissed as moot.

Petitioner never filed a response. In fact, the envelope, in which Petitioner's copy of the Order to Show Cause was sent, was returned to the Court as undeliverable.

Because Petitioner is now released from the custody that he sought to challenge by the Petition, and he was seeking only to challenge that custody (i.e., the denial of release on parole) and not his underlying conviction, the Petition is now moot and is dismissed.[1]

BY THE COURT

*s/ Maureen P. Kelly*
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

Date: March 11, 2015

cc: All Counsel of Record via CM-ECF

Tunnell Redmond
GG-1560
S.C.I. Greene
175 Progress Drive
Waynesburg, PA 15370

Tunnell Redmond
3200 Henry Avenue,
Philadelphia, PA 19129

---

[1] All parties have consented to have the Magistrate Judge exercise plenary jurisdiction over this case. ECF Nos. 9, 10.